**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 05-4841**

─────────

UNITED STATES OF AMERICA,

                                         Plaintiff - Appellee,

      versus

KYMERLE DOWTIN,

                                        Defendant - Appellant.

─────────

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Malcolm J. Howard, District Judge.  (CR-05-20-H)

─────────

Submitted:  February 28, 2006      Decided:  March 16, 2006

─────────

Before NIEMEYER and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Thomas P. McNamara, Federal Public Defender, Devon L. Donahue, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Kymerle Dowtin appeals his forty-four month prison sentence resulting from his conviction for possession of a firearm after having been convicted of a misdemeanor crime of domestic violence in violation of 18 U.S.C. § 922(g)(9) (2000).* Finding no reversible error, we affirm.

Dowtin and his ex-girlfriend Daisy Melendez engaged in an argument after Dowtin brought their son to Melendez's house. When Melendez refused to allow Dowtin to spend the night, Dowtin became angry and hit her. Dowtin then pulled a gun out of his pocket, told her he would shoot her, and then fired one shot into the air before leaving. At sentencing, Dowtin did not contest that the district court properly calculated a sentencing guideline range of thirty to thirty-seven months' imprisonment. The district court then granted the Government's motion for an upward departure under U.S. Sentencing Guidelines Manual § 5K2.6 (2005). The district court added two offense levels and found a guideline range of thirty-seven to forty-six months. Dowtin received a sentence of forty-four months' imprisonment.

Dowtin claims that the district court erred when it departed upward from the sentencing guideline range. A district court may depart upward from the guideline range under USSG § 5K2.6 if a firearm was used or possessed. "The extent of the increase

---

*Dowtin does not appeal his conviction.

- 2 -

ordinarily should depend on the dangerousness of the weapon, the manner it which it was used, and the extent to which its use endangered others. The discharge of a firearm might warrant a substantial increase." USSG § 5K2.6. The district court granted the upward departure because Dowtin "fired the possessed firearm in the vicinity of a victim holding a child."

Dowtin claims that his offense level under USSG § 2K2.1 encompassed his conduct in firing the gun through cross-referencing to a minor assault under USSG § 2A2.3(a)(1). Minor assault under USSG § 2A2.3(a)(1), however, does not take into consideration the discharging of a firearm during an assault and speaks only to the threatened use of a firearm. An upward departure under USSG § 5K2.6 was proper to address the fact that Dowtin's conduct was more aggravated than a minor assault.

Dowtin also claims that the amount of upward departure was unreasonable. The extent of a departure must be reasonable under the circumstances. 18 U.S.C. § 3742(f)(2) (2000); United States v. Terry, 142 F.3d 702, 707 (4th Cir. 1998). USSG § 5K2.6 explicitly states that the discharge of a firearm might warrant a substantial increase. The extent of the district court's departure was reasonable when compared to other provisions in the guidelines for enhancements based on the discharge of a firearm. This conclusion is bolstered by the fact that the two level increase resulted in a sentencing range of only nine months above the

original guideline range, and an actual sentence only seven months greater than Dowtin could have received absent the departure. Thus, because the district court appropriately treated the guidelines as advisory, calculated and considered the guideline range, gave a reasonable justification for sentencing above the guideline range, and weighed the relevant factors under 18 U.S.C. § 3553(a) (2000), we find that the sentence it imposed upon Dowtin was reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED